### STATE v. EMANUEL RODERICK, JR.

(Filed 3 April, 1918.)

**Homicide—Murder—Evidence—Trials—Questions for Jury.**

Evidence that the prisoner, on trial for murder of his wife who was expected to return home from a visit to relations and friends, stated she would return "home that morning, and there was going to be hell to play"; that he, as soon as she returned and entered the house, cursed and abused her, and said he was going to kill her, and the fatal shot was fired fifteen or twenty minutes later: *Held*, sufficient of premeditation and deliberation to sustain a verdict of murder in the first degree.

APPEAL by defendant from *Devin, J.,* at the September Term, 1917, of NEW HANOVER.

STATE *v.* DAVIS.

The prisoner appeals from a sentence of death pronounced upon a verdict of guilty of murder in the first degree.

*Attorney-General Manning and Assistant Attorney-General Sykes for the State.*
*No counsel for defendant.*

PER CURIAM: No brief has been filed for the prisoner, but as it is a capital case we have nevertheless carefully examined the record.

The deceased, who was the wife of the prisoner, was killed on 20 July, 1917, by a pistol shot wound near the center of the forehead.

The evidence for the State tends to prove that the deceased was on a visit to relations from Wednesday preceding the killing until Friday, the day of the killing, when she returned home; that on the day of the killing the prisoner said "his wife was coming home that morning, and there was going to be hell to play"; that the wife of the prisoner brought to her home some bundles and a half-bushel of clams; that the prisoner began cursing and abusing her as soon as she entered her home; that she started to get the clams to take in the house and the prisoner said, "You need not bring them damn clams in here; they will never do you any good. God damn you, I am going to kill you anyhow"; that the fatal shot was fired by the prisoner fifteen or twenty minutes later.

The absence of provocation, the conduct of the prisoner, and his declared purpose to kill preceding the killing furnish evidence of premeditation and deliberation, which was submitted to the jury under instructions free from error.

The only exceptions are to parts of the charge which follow numerous precedents in this Court.

We find no error in the record.

No error.